## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES S. "SWIFT" TREADWELL, )
JR. and CAREY A. TREADWELL, )
                                 )
       Plaintiffs, )
                                   )
v.                              )    Case No.  CIV-13-1169-C
                                   )
PHILIP TREADWELL, GAY )
TREADWELL, and BILL MUNN )
SUPPLY COMPANY, INC., )
                                   )
       Defendants. )

## COMPLAINT

Plaintiffs, Charles S. "Swift" Treadwell, Jr. and Carey A. Treadwell, for their complaint against Defendants, Philip Treadwell, Gay Treadwell and Bill Munn Supply Company, Inc., allege and state as follows:

### Parties

1.      Plaintiffs, Charles S. "Swift" Treadwell, Jr. ("Swift Treadwell") and Carey A. Treadwell ("Carey Treadwell") are individuals each of whom resides in the State of Tennessee.

2.      The individual Defendants, Philip Treadwell and Gay Treadwell, are husband and wife, and each of them resides in the State of Oklahoma.

3.      The Defendant, Bill Munn Supply Company, Inc. ("Munn Supply") is a corporation organized under the laws of the State of Oklahoma with its principal place of business in the City of Enid, State of Oklahoma.

## Jurisdiction and Venue

4.      This Court has jurisdiction of the parties and subject matter, and venue is proper in this Court.

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.  Plaintiffs are both citizens of Tennessee.  All Defendants are citizens of Oklahoma.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that all Defendants reside within this judicial district, and also § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district.

## Common Allegations

7.      Munn Supply was founded in Enid, Oklahoma, in the 1950's by Bill Munn. Bill Munn is the late uncle of Plaintiff Swift Treadwell and the late great-uncle of Plaintiff Carey Treadwell.   Bill Munn is also the late uncle of Defendant Philip Treadwell.

8.      Munn Supply is in the welding equipment and supply and related gas sales and service business.  Philip Treadwell went to work for Munn Supply in the 1970's. Over the years, he acquired 49% of the ownership shares of the corporation.  Upon Bill Munn announcing his retirement and intention to sell the business, Philip Treadwell

2

wanted to purchase the business, but did not want to borrow any money to do it. Instead, he asked his parents, Charles S. Treadwell, Sr. and Margaret Munn Treadwell, to purchase Bill Munn's 51% interest for $500,000.00. His parents did that for him more than 20 years ago.

9.     Charles S. Treadwell, Sr., then became Chairman of Bill Munn Supply and Philip Treadwell became its President. Charles S. Treadwell, Sr. consulted regularly with Philip Treadwell about the business. As Munn Supply needed expansion, working capital or other funds, it borrowed the same from Treadwell & Co., Inc. ("T&Co."), a small family business which had been founded by Charles S. Treadwell, Sr. in Memphis, Tennessee, in the 1950's.     Salary for Philip Treadwell was increased only after consultation with and approval by Charles S. Treadwell, Sr.

10.     Margaret Munn Treadwell passed away in 2001. At that time, Charles S. Treadwell, Sr. made gifts of certain family assets, including his 51% ownership interest of Munn Supply and his 100% ownership of T&Co. Those gifts included the transfer to each Plaintiff and to Philip Treadwell of a 12.75% portion of the shares of Munn Supply previously owned by Charles S. Treadwell, Sr. and Margaret Munn Treadwell (38.25% in total). However, pursuant to a memorandum of understanding signed simultaneously by Philip Treadwell, the Plaintiffs and Charles S. Treadwell, Sr., the voting rights of all of the "gifted" shares remained under the control of Charles S. Treadwell, Sr. and he continued to serve as chairman of Munn Supply and T&Co.

11.     Gay Treadwell had become employed at Munn Supply some time prior to 2001. Beginning at some time before March of 2008, Philip and Gay Treadwell began

3

compensating themselves with increased salaries without consultation with or regard for the decisions and desires of Charles S. Treadwell, Sr.  In or about 2011, Philip Treadwell stated to Plaintiffs that he wanted to buy out their interests in Munn Supply.  Plaintiffs refused his offer to trade assets several times.  When he persisted, Plaintiffs asked him to make an offer based on a reasonable price for them to consider.  Instead of doing so, Philip Treadwell offered to trade his minority stock in T&Co. (and his minority interest in a California condo) for Plaintiffs' combined stock in Munn Supply without further compensation.  Plaintiffs rejected this offer as being entirely unreasonable, as historically the income on a pro rata trading basis had been significantly higher for Munn Supply than it had been for T&Co and the California condo.

12.     In May of 2011, Philip Treadwell had a message delivered to Plaintiffs that if they did not accept his offer, he would shut down Munn Supply and open another competing welding supply business, making Plaintiffs' investment in Munn Supply of little or no value.  Philip Treadwell has conveyed that same threat several times directly to Plaintiffs.  Philip Treadwell also informed Plaintiffs that he was obtaining advice from a friend in the welding supply business on how to get minority shareholders out of a business without paying them fair value for their ownership rights.

13.     Plaintiffs negotiated further in good faith with Philip Treadwell, but no reasonable offer to purchase Plaintiffs' ownership interests in Munn Supply for a fair value was ever made to them.

14.     In August 2011, Charles S. Treadwell, Sr. was in his 80's and in ill health. Notwithstanding that, Philip Treadwell showed up unannounced at Charles S. Treadwell,

4

Sr.'s home in Memphis.  He and his brother, Peter Treadwell, spent the next two days harassing Charles S. Treadwell, Sr., threatening to sue him and making various demands upon him until he conceded to their demands and agreed to give up his chairmanship and his voting rights in the shares previously transferred to Philip Treadwell.  This placed voting control of the ownership shares of Munn Supply with Philip Treadwell.

15.    The August 2011 changes resulted in the signing of an agreement dated August 23, 2011, between and among Bill Munn Supply Company, Inc., Treadwell & Co., Inc., Charles S. Treadwell, Sr., the Plaintiffs, Philip A. Treadwell, Gay Treadwell, and Peter M. Treadwell.  Pursuant to Section 1.03 of that agreement, the individual Defendants agreed, in part, as follows:

> "Munn Supply will be managed in the best interests of Munn Supply and all decisions of directors and/or shareholders pertaining to Munn Supply matters will be made in the best interests of Munn Supply with the interest of the Munn Supply shareholders a subordinate consideration of such decisions."

The August 23, 2011, agreement remains in full force and effect and has not been modified, amended or revoked.

16.    In the Summer of 2012, Philip Treadwell decided that he was ready to retire. He engaged a nationally known welding industry expert to negotiate the sale of Munn Supply for $9 Million.  In the Fall of 2012, a national welding supply company made a purchase offer of $9.7 Million which was in excess of the sum Philip Treadwell had requested the expert to find for him.  Plaintiffs were agreeable to a sale at that price.

Philip Treadwell and Gay Treadwell had been contemplating divorce at about the time of the sale negotiations. After they reconciled, the sale was vetoed.

17.     Since some time in 2012 (and possibly earlier), Gay Treadwell has operated as President of Munn Supply and Philip Treadwell has operated as Chairman. Since August 23, 2011, Gay Treadwell and Philip Treadwell have failed and refused to manage Munn Supply in the best interests of Munn Supply, and in their role as Directors they have failed and refused to make decisions in the best interests of Munn Supply, ignoring their duty to make the interests of the Munn Supply shareholders (including themselves) a subordinate consideration of such decisions.

18.     The different ways in which Gay Treadwell and Philip Treadwell have failed to manage Munn Supply in accordance with Section 1.03 of the August 23, 2011, agreement, include the following:

(a)     They have awarded themselves excessive salaries and bonuses, to their individual benefit and to the detriment of Munn Supply, diminishing its net profits, and thus to the detriment of the minority shareholders who are not being compensated through similar salary arrangements. The salaries are excessive whether viewed in terms of (1) the historical salary patterns of Munn Supply (e.g., Gay Treadwell has doubled her salary over the past 3 years, and Philip Treadwell has increased his salary four-fold in the one year between 2012 and 2013); (2) as compared to the salaries of comparable executives in comparable businesses; and (3) as fair compensation for the services they provide to Munn Supply.

6

(b)     Gay Treadwell and Philip Treadwell have engaged in improper self-dealing, converting corporate opportunities to their sole benefit, through the lease of cylinders and tanks to Munn Supply, to the detriment of the company in lost gross income and net income and diminution of the value of corporate assets. Historically tanks and cylinders had been purchased by Munn Supply, or T&Co., so the lease income would benefit the Munn Supply and T&Co. shareholders, which contain common ownership.     Through individual dealings and through a company known as Treadwell-Munn Supply Company, Inc., which on information and belief is owned by Gay Treadwell, and/or Philip Treadwell, Gay Treadwell and Philip Treadwell are thus further diverting corporate income from Munn Supply to themselves individually and to the detriment of Munn Supply and the minority shareholders of Munn Supply.

(c)     Gay Treadwell and Philip Treadwell have managed the company in such a way to waste its assets via improper and unearned salaries paid to their children, once again to the detriment of Munn Supply and its gross and net income and also to the detriment of the minority shareholders of Munn Supply.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

19.     Plaintiffs restate and reallege the allegations of paragraphs 1 through 18 as if fully restated herein.

20.     The actions of Defendants Philip Treadwell and Gay Treadwell as described in paragraph 18 above constitute a breach of the August 23, 2011, agreement.

7

21.    Plaintiffs have been damaged by the breach of agreement in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

## SECOND CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

22.    Plaintiffs restate and reallege the allegations of paragraphs 1 through 21 as if fully restated herein.

23.    As officers and directors of Munn Supply, and as majority shareholders, Philip Treadwell and Gay Treadwell owe fiduciary duties of loyalty, care and good faith to Munn Supply and to the minority shareholders of Munn Supply, including Plaintiffs.

24.    Philip Treadwell and Gay Treadwell have breached their fiduciary duties owed to Plaintiffs through the actions described and set forth in paragraphs 11-18 above.

25.    Plaintiffs have been damaged by Defendants' breaches of fiduciary duties in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

## THIRD CAUSE OF ACTION
## (CONVERSION OF CORPORATE OPPORTUNITY)

26.    Plaintiffs restate and reallege the allegations of paragraphs 1 through 25 as if fully restated herein.

27.    The self-dealing by Gay Treadwell and Philip Treadwell constitutes a conversion of corporate opportunities of Munn Supply to their benefit, specifically, those actions described in paragraph 18(b) above.

8

28.     The conversion of corporate opportunities by the individual Defendants has damaged Plaintiffs by diminution of the value of their shares in Munn Supply, and their resulting loss of dividends, in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

### FOURTH CAUSE OF ACTION
### (RECEIVERSHIP)

29.     Plaintiffs restate and reallege the allegations of paragraphs 1 through 28 as if fully restated herein.

30.     The individual Defendants have failed to manage Munn Supply consistent with their role as stewards of the corporate assets of Munn Supply.  To the contrary, they have done what is necessary to enrich themselves, treating Munn Supply as their own personal property, to the detriment of the minority shareholders, including Plaintiffs. This pattern of conduct continues to this date.  The individual Defendants have abused their authority in such a way that they should not be left in control of the company.

31.     When a majority in control of a corporation have mismanaged and/or misappropriated corporate assets, an Oklahoma court has broad discretion to appoint a receiver to protect that corporation and its shareholders.

32.     Plaintiffs together own 25.5% of Munn Supply.  Munn Supply was recently valued at $9.7 million.  Yet, while the salaries, bonuses and lease rental income to the individual Defendants escalate enormously, Plaintiffs as minority shareholders receive no equal benefit, and in fact have received correspondingly diminished shareholder distributions as a result.

33.     Oklahoma courts have authority to replace an abusive majority in control of a corporation with a receiver.  Plaintiffs request the immediate appointment of a receiver to take charge of and operate Munn Supply in accordance with the terms of the August 23, 2011, agreement, with fairness to all shareholders including the Plaintiff minority shareholders.

## FIFTH CAUSE OF ACTION
## (SHAREHOLDER OPPRESSION/DIVIDEND SQUEEZE)

34.     Plaintiffs restate and reallege the allegations of paragraphs 1 through 33 as if fully restated herein.

35.     Since August 23, 2011, Munn Supply has had net income and cash flow sufficient to support the payment of substantial dividends to its shareholders.  However, the individual Defendants have failed to pay dividends in an amount reasonable and proper under the circumstances, instead diverting those dividends to themselves via unearned and unwarranted salary and bonus increases, to the detriment of the Plaintiff minority shareholders.

36.     The individual Defendants, by diminishing shareholder dividends, employing themselves at inflated salaries, and awarding themselves inflated bonuses, have used their controlling positions in Munn Supply for their sole and exclusive benefit, and for the clear purpose of diminishing the value of Plaintiffs' equity in the corporation, all with the intent and effect of benefiting themselves and preventing Plaintiffs from deriving a fair and reasonable present value and return from their shares in Munn Supply.

10

37.    The failure of Munn Supply to pay reasonable dividends serves no legitimate business purpose, but has instead been implemented for the improper purpose of allowing the individual Defendants to divert Munn Supply's income and cash flow to themselves through salaries and bonuses.

38.    These actions of the individual Defendants are intended to compel Plaintiffs to accept less than fair value for their shares, as previously attempted by the individual Defendants through unreasonably low buyout proposals.  Their prior conduct in refusing to sell the company for fair value to an independent third party, to offer Plaintiffs an unreasonably low sum for their combined interests in Munn Supply, and their diminution of the dividends historically paid by Munn Supply via diverting those dividends to themselves through unwarranted salaries and bonuses and lease rentals, indicate the willingness and intent of the individual Defendants to deprive Plaintiff minority shareholders of the true value of their interest in Munn Supply.

39.    The actions and omissions of the individual Defendants have been taken with actual malice and with intentional disregard for the rights of Plaintiffs, warranting the imposition of exemplary damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action where they are entitled to a trial by jury.

11

WHEREFORE, Plaintiffs, Charles S. "Swift" Treadwell, Jr. and Carey A. Treadwell, pray that the Court enter judgment in their favor and against the Defendants as follows:

1.      A judgment for money damages against the individual Defendants, Philip Treadwell and Gay Treadwell, in an amount in excess of $75,000.00;

2.      For the malice and reckless disregard of the rights of Plaintiffs, an award of punitive damages against the individual Defendants, Philip Treadwell and Gay Treadwell, in an amount in excess of $75,000.00;

3.      An order for the immediate appointment of a receiver to take control of the assets and manage Munn Supply in accordance with Oklahoma law and the terms of the August 23, 2011, agreement in the interests of all shareholders, including the Plaintiff minority shareholders; and

4.      For such other and further relief as the Court deems just and equitable in the circumstances.

Respectfully submitted,

s/Jimmy K. Goodman
Jimmy Goodman, OBA #3451
Lysbeth George, OBA #30526
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
jimmy.goodman@crowedunlevy.com
lysbeth.george@crowedunlevy.com

ATTORNEYS FOR PLAINTIFFS

12